**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| SHELBY SIBLEY, | : | Case No. 1:06-cv-074 |
| | : | |
| Plaintiff, | : | Judge Michael R. Barrett |
| vs. | : | Magistrate Judge Timothy S. Black |
| | : | |
| NICHOLAS PUTT, *et al.,* | : | |
| | : | |
| Defendants. | : | |

### REPORT AND RECOMMENDATION[1] THAT DEFENDANTS' MOTION TO DISMISS BE GRANTED AND THIS CASE BE CLOSED

Plaintiff Shelby Sibley brings this civil action pro se against five individual Defendants who are persons employed by her former employer.  Plaintiff was an employee of Drake Center, Inc. ("Drake"), and the five individuals Defendants (Putt, Hancock, Cleaver, Ingram and Sutton) are all current or former management or supervisory employees of Drake. Plaintiff apparently alleges violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act (the "ADEA"), the Americans with Disabilities Act (the "ADA"), and state law.

Plaintiff has attached to her Complaint a copy of a Notice of Dismissal And Right To Sue (the "Notice") issued by the Equal Employment Opportunity Commission ("EEOC") on December 8, 2005, referencing Charge No. 221-205-02377, but has not attached a copy of the actual charge, a stated requirement per Section I of the Complaint form.  However, it appears from the face of the Notice that Drake was the actual party named by Plaintiff in her charge.

Defendants have moved for dismissal of all of Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Plaintiff failed to exhaust her administrative remedies with respect to each of her asserted claims, and because Plaintiff's claims against the individual Defendants are not recognized under any of the federal statutes pursuant to which Plaintiff seeks relief.

For the reasons which follow, the undersigned finds that Defendants'

---

[1] Attached hereto is a NOTICE to the parties regarding the procedure for presenting objections to this Report and Recommendation.

motion is well-taken and, therefore, recommends that the motion be granted and this case be closed.

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a district court shall dismiss a plaintiff's claim in response to a motion to dismiss if the court "concludes beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Bangura v. Hansen,* 434 F.3d 487, 497 (6th Cir. 2006) (quoting *Haines v. Kerner*, 404 U.S. 519 (1972)). While a pro se complaint is to be construed very liberally, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976), pro se litigants "are not exempted or excused from the Federal Rules governing pleading, dismissal for failure to state claims, and summary judgment." *Moore v. Holbrook*, 2 F.3d 697, 705 (6th Cir. 1993).

Here, although Plaintiff attempts to assert claims for individual liability under Title VII, the ADEA, and the ADA against the Defendants, all such claims must be dismissed as a matter of law because the Sixth Circuit has expressly held that no such individual liability exists under any of these statutes. *Bangas v. Potter*, 2005 U.S. App. LEXIS 16780 *5 (August 8, 2005); *Wathen v. General Electric*, 115 F.3d 400, 405 (6th Cir. 1997) (finding no individual liability under Title VII and applying the same to the ADEA and ADA since the "liability schemes under Title VII, the ADEA, and the ADA are essentially the same and. . . [all] define "employer" essentially the same way"). Every other federal circuit court confronted with this issue has reached a similar conclusion.[2] As such, Plaintiff's claims under Title VII, the ADA, the ADEA must be dismissed.

Moreover, it is well-established that only after the filing of a timely charge with the EEOC may "a civil action . . . be brought against the respondent named in the charge by the person claiming to be aggrieved." 42 U.S.C. § 2000e-5(f)(1) (2006). "The purpose for the requirement is to afford the defendant notice of the charges and an opportunity to participate in EEOC conciliation proceedings." *Whaler v. Melville Corp.*, 1986 U.S. App. LEXIS 18902, * 4-5 (6th Cir. 1986) (citing *Eggleston v. Chicago Journeyman Plumbers,* 657 F.2d 890, 905 (7th Cir. 1981), *cert. denied*, 455 U.S. 1017 (1982)).

---

[2] *See, e.g., Pink v. Modoc Indian Health Project*, 157 F.3d 1185, 1189 (9th Cir. 1998); *Lissau v. Southern Food Serv.*, 159 F.3d 177, 181 (4th Cir. 1998); *Dici v. Pennsylvania*, 91 F.3d 542, 552 (3d Cir. 1996); *Haynes v. Williams*, 88 F.3d 898, 899 (10th Cir. 1996); *Williams v. Banning,* 72 F.3d 552, 554 (7th Cir. 1995); *Tomka v. Seiler Corp.,* 66 F.3d 1295, 1317 (2d Cir. 1995); *Gary v. Long*, 59 F.3d 1391, 1399 (D.C. Cir. 1995); *Smith v. Lomax,* 45 F.3d 402, 403 (11th Cir. 1995); *Grant v. Lone Star Co.,* 21 F.3d 649, 653 (5th Cir. 1994); *Smith v. St. Bernards Regional Medical Ctr.,* 19 F.3d 1254, 1255 (8th Cir. 1994).

A party not named in an EEOC charge may not be sued under 42 U.S.C. § 2000e-5(f)(1) unless there is a clear "identity of interest" between the unnamed party and the party named in the EEOC charge, or unless the unnamed party has unfairly prevented the filing of an EEOC charge.  *See Romain v. Kurek,* 772 F.2d 281, 283 (6th Cir. 1985); *Boieru v. Cuyahoga County Library Union*, 1990 U.S. App. LEXIS 13069, *4 (6th Cir.1990).

The fact that a defendant is a supervisor, manager, or agent of the named respondent is insufficient to establish the "identify of interest" necessary to relieve the plaintiff of the obligation to name each party separately in the charge.  Rather, "identify of interest" is established only where the respondent named in the EEOC charge and the unnamed defendant in the civil action "are virtual alter egos." *Knafel v. Pepsi-Cola Bottlers, Inc.*, 899 F.2d 1473, 1481 (6th Cir. 1990.).

As Plaintiff does not allege that Defendants have unfairly prevented her from filing a charge, nor that they are the alter egos of Drake, Plaintiff must have first named them in a charge before she can name them in a civil action.  Having failed to do so, her claims must be dismissed.

For these several reasons, Plaintiff can prove no set of facts in support of her claims which would entitle her to relief.  Accordingly, Defendants' motion to dismiss is well-taken and should be granted, and this case should be dismissed.[3]

IT IS SO RECOMMENDED.

Date: 2/5/07               **/s/Timothy S. Black**

                                               Timothy S. Black
                                               United States Magistrate Judge

---

[3] To the extent Plaintiff is asserting any state claim(s) in addition to her federal claims (see reference to "libel" in paragraph IV of the Complaint), this Court's exercise of supplemental jurisdiction over such claim(s) is inappropriate given the failure of her federal claims. Accordingly, her state law claim(s), if any, should be dismissed also, albeit without prejudice.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| SHELBY SIBLEY, | : | Case No. 1:06-cv-074 |
| | : | |
| Plaintiff, | : | Judge Michael R. Barrett |
| vs. | : | Magistrate Judge Timothy S. Black |
| | : | |
| NICHOLAS PUTT, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).