UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Shelby Sibley,

      Plaintiff,

  v.

Nicholas Putt, et al.,

      Defendants.

Case No. 1:06cv74

Judge Michael R. Barrett

## OPINION AND ORDER

Before the Court is Magistrate Judge Black's February 5, 2007 Report and Recommendation (hereinafter "Report") (Doc. 15). Proper notice has been given to the parties under 28 U.S.C. §636(b)(1)(C), notice that the parties would waive further appeal if they failed to file objections to the Report and Recommendation in a timely manner. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). In the Report, the Magistrate recommends granting the Defendants' Motion to Dismiss. Plaintiff, *pro se*, filed Objections to the Magistrate's Report on February 14, 2007 (Doc. 16).

When objections are received to a magistrate judge's Report and Recommendation on a dispositive matter, the assigned district judge "shall make a de novo determination...of any portion of the magistrate judge's disposition to which specific written objection has been made...." Fed. R. Civ. P. 72(b). After review, the district judge "may accept, reject or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Id; see also* 28 U.S.C. 636(b)(1)(B). General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object."

*Howard v. Secretary of Health and Human Services,* 932 F.2d 505, 509 (6th Cir. 1991).

Facts

Plaintiff has filed a civil rights action against five individual Defendants who are current or former managers or supervisors at Drake Center, Inc. ("Drake") where Plaintiff was employed. She alleges violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act (the "ADA"). Plaintiff did not name Drake as a Defendant in this lawsuit.

The Complaint is devoid of any facts as to what actually happened to Plaintiff. Where Plaintiff is to describe the events that gave rise to these allegations Plaintiff stated: "(1) unlawful termination of employment, (2) violation of disabilities act, (3) discrimination against me for my age and my race, (4) undue harassment and hardship."

The Report recommends that the Motion to Dismiss be granted because the Sixth Circuit has expressly held that no individual liability exists under any of these statues and because these individual defendants were not named in the charge to the EEOC. Plaintiff filed objections stating that although she can not talk or write like a lawyer, that she knows what Drake did to her was wrong and that she needs to have her day in court.

Analysis

A motion to dismiss pursuant to Rule 12 (b)(6) operates to test the sufficiency of the complaint. The court is required to construe the complaint in the light most favorable to the Plaintiff, and accept all well-pleaded factual allegations in the complaint as true. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) and *Lewis v. ACB Business Services*, 135 F.3d 389, 405 (6th Cir. 1998). A court, however, will not accept conclusions of law or unwarranted inferences which are presented as factual allegations. *Blackburn v. Fisk*

2

*University*, 443 F.2d 121, 124 (6th Cir. 1974). A complaint must contain either direct or reasonable inferential allegations that support all material elements necessary to sustain a recovery under some viable legal theory. *Lewis v. ACB*, 135 F.3d at 405 (internal citations omitted). As the Supreme Court recently held in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, (May 21, 2007)[1], a complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974 (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 1965. "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 1969. Although a pro se complaint is to be construed liberally, pro se litigants are not exempt from the Federal Rules governing the pleading requirements. *See Moore v. Holbrook*, 2F.3d 687 (6th Cir. 1993).

Unfortunately for Plaintiff, although Drake may have, in fact, violated the law, she

---

[1] The Sixth Circuit has not directly applied the *Twombly* motion to dismiss standard yet. However, in a footnote in a recent case, it indicates that *Twombly* did not heighten the standard. The Court stated: "Moreover, although this case does not present the question of if, or exactly how, *Twombly* has changed the pleading requirements of Federal Rule of Civil Procedure 8(a), we note that in *Erickson v. Pardus*, U.S. , 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007), decided after *Twombly*, the Supreme Court reaffirmed that Rule 8(a) "requires only a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 2200 (internal quotation marks omitted) ... In any event, for the reasons described infra, we conclude that the Lindsays have pleaded sufficient facts giving rise to a "reasonably founded hope that the discovery process will reveal relevant evidence" to support their claims. *Twombly*, 127 S. Ct. at 1967, 127 S. Ct. at 1967 (internal quotation marks omitted)." *Lindsay v. Yates,* 2007 U.S. App. LEXIS 19338, 12-13 n.6 (6th Cir. 2007).

3

has not named Drake as a Defendant in this litigation nor has she set forth facts sufficient to sustain a claim for relief.

42 U.S.C. 2000e-5(f)(1) provides that suit may only be "brought against the respondent named in the charge" of unlawful employment practices filed with the EEOC or the OCRC. This charge is also to be attached to any complaint filed in this court. Id. Instead of attaching the charge she previously filed before the EEOC, Plaintiff attached the "Dismissal and Notice of Rights" letter that she received from EEOC. It is not clear from this dismissal who the charge was filed against. However, the dismissal was carbon copied to Sharon Hancock, Human Resources Director at Drake. This leads the Court to one of two scenarios, either the charge was against Ms. Hancock or it was filed against Drake. If the EEOC charge was against Drake, then this matter must be dismissed because the individual defendants were not named in the charge to the EEOC. A action may not be commenced against a party not named in the EEOC charge unless there is a "clear identity of interest" between it and the party named in the charge or it has unfairly prevented the filing of the EEOC charge. *Jones v. Truck Drivers Local Union No. 299*, 748 F.2d 1083, 1086 (6th Cir. 1984). "A 'clear identity of interest' implies that the named and unnamed parties are virtual alter egos." *Knafel v. Pepsi-Cola Bottlers, Inc.*, 899 F.2d 1473 (6th Cir. 1990). *See also Smith v. Sofco, Inc.*, 1998 U.S. App. LEXIS 3896 (6th Cir. 1998). Employees, even managers or supervisors, do not reach this level.

If the charge was against Ms. Hancock (or even any of the other Defendants) the matter must also be dismissed because the Sixth Circuit has expressly held that no individual liability exists under Title VII, the ADEA, or the ADA. *Wathen v. GE,* 115 F.3d 400 (6th Cir. 1997)("We now hold that an individual employee/supervisor, who does not

4

otherwise qualify as an 'employer,' may not be held personally liable under Title VII."); *See also Gray v. City of Cincinnati*, 2006 U.S. Dist. LEXIS 52865 (S.D. Ohio 2006).

It does not appear to this Court that Plaintiff has included any state law claims in her complaint. However, if such state law claims were plead, the Court declines to exercise jurisdiction over those claims. Though 28 U.S.C. § 1367 does confer supplemental jurisdiction upon the Court, thus allowing it to hear the Plaintiff's state law claims, the Court may decline to exercise jurisdiction over the claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Conclusion

Accordingly, the Report and Recommendation of Magistrate Judge Black (Doc. 15) is hereby **ADOPTED**. Defendants' Motion to Dismiss is hereby **GRANTED** (Doc. 9). The Clerk of Court is directed to close this case and remove it from the docket of this Court.

**IT IS SO ORDERED.**

                                            s/Michael R. Barrett
                                            Michael R. Barrett, Judge
                                            United States District Court